UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER HARI ZAVALA GUTIERREZ, *Petitioner*, | § | |
| v. | § | Civil Action No. 3:26-CV-2972-X |
| WARDEN of the LIMESTONE COUNTY DETENTION CENTER, et al., *Respondents*. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Walter Hari Zavala Gutierrez's Emergency Motion for Temporary Restraining Order (TRO) requesting that the Court "grant him, within a short period of time determined by the Court, an individualized bond hearing before an Immigration Judge."[1] But this is the same ultimate relief he wants in his habeas petition. As explained below, a TRO is not a tool to fast forward to the end of a case, so the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[2] To warrant this extraordinary relief, the movant must demonstrate:

---

[1] Doc. 4 at 2.

[2] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3]

Preliminary relief should "not conclusively resolve legal disputes[,]" and thus, a TRO is an inappropriate vehicle for granting ultimate relief.[4] Specifically, a court cannot render ultimate relief sought in a habeas petition in the form of a preliminary injunction or TRO.[5]

Zavala Gutierrez's TRO seeks to upend these bedrock principles. First, while a TRO preserves the status quo of a petitioner's status, Zavala Gutierrez is in ICE custody.[6] Thus, granting a TRO would only preserve the status quo of Zavala Gutierrez remaining in custody without a bond hearing—something he obviously does not want.

What's more, Zavala Gutierrez's TRO requests the same relief as the ultimate relief requested in his habeas petition. His TRO "requests that the Court order the Defendants to grant him. . . an individualized bond hearing before an Immigration Judge."[7] Yet that is the exact relief his habeas petition requests— "within a period not to exceed fourteen (14) days, to grant [Zavala Gutierrez] an individualized bond

---

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[4] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[5] *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026) (Hendrix, J.) (citing *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)).

[6] Doc. 4 at 3.

[7] *Id.* at 2.

hearing before an Immigration Judge."[8] The Court cannot grant Zavala Gutierrez's TRO without also providing him ultimate relief.

The Court therefore **DENIES** Zavala Gutierrez's TRO request. His habeas petition remains pending on an expedited basis.

**IT IS SO ORDERED** this 4th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[8] Doc. 3 at 13.